# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| CHRISTOPHER J. WILLI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| ASSURED ENTERPRISES, INC. | ) | |
| 7300 Ranch Road 2222 | ) | |
| Ste. 100 Bldg. 3 | ) | |
| Austin, TX  78730 | ) | |
| | ) | |
| SERVE: | ) | |
| Corporation Service Company | ) | |
| 100 Shockoe Slip | ) | |
| 2nd Floor | ) | |
| Richmond, VA  23219 | ) | |
| Richmond City | ) | |
| | ) | |
| and | ) | |
| | ) | |
| API DEVELOPMENT GROUP, LLC | ) | |
| 8000 Boone Blvd. Ste. 500 | ) | |
| Vienna, VA  22182 | ) | |
| | ) | |
| SERVE: | ) | |
| Stephen M. Soble | ) | |
| 8300 Boone Blvd, Suite 500 | ) | |
| Vienna, VA  22182 | ) | |
| Fairfax County | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHEN M. SOBLE | ) | |
| 12496 Cliff Edge Drive | ) | |
| Herndon, VA  20170 | ) | |
| | ) | |
| Defendants. | ) | |

\

## COMPLAINT

NOW COMES Plaintiff Christopher J. Willi ("Willi" or "Plaintiff"), by undersigned counsel, hereby submits his Complaint against Defendants Assured Enterprises, Inc. (Assured), API Development Group, LLC (API), and Stephen M. Soble (Soble) (collectively, "Defendants"), for breach of contract, unjust enrichment, injunctive relief, and to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

## PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of the Commonwealth of Virginia, Fairfax County and by acting as named plaintiff in this action does hereby affirm his consent to participate as a plaintiff in an action under the FLSA and associated actions and for all relief as set forth herein.

2.  Assured Enterprises, Inc. is a corporation formed under the laws of Delaware, with its principle office in Texas, and registered to do business in Virginia that at all times relevant to the averments of this Complaint has continuously conducted business in the Commonwealth of Virginia.

3.  API Development Group, LLC is a limited liability company formed under the laws of Virginia and with its principal office in Virginia that is wholly owned and controlled by Stephen M. Soble.

4. Stephen M. Soble is an adult resident of the Commonwealth of Virginia, Fairfax County, and is the majority owner of Assured Enterprises, Inc. through stock in the corporation owned by himself as an individual and through API Development Group, LLC.

5. Stephen M. Soble exercises complete management control and authority over Assured Enterprises, Inc., and at all times relevant to this complaint made all hiring, firing, personnel and employee compensation decisions for Assured. Further, during that time period Soble individually was Plaintiff's supervisor and manager and made all decisions relating to Plaintiff's work, Plaintiff's rate and method of compensation, and Soble individually kept and maintained all employment records relating to Plaintiff.

6. At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00, used in business operations involving employees located in multiple states, and entered into business contracts and relationships to provide services, **goods and materials** to customers in multiple states, and otherwise engaged in interstate commerce such that Defendants qualified as an enterprise within the meaning of the FLSA.

7. At all times, all Defendants legally qualified as Plaintiff's employers under FLSA.

8. At all times, Defendants Assured and API were alter egos of Soble.

9. Jurisdiction and Venue is proper in this Court because it is predicated upon a Federal Question in that Plaintiff seeks relief under the FLSA, and related state common law claims, arising out of acts and omissions occurring primarily in and around Fairfax County Virginia.

## FACTS

10. Plaintiff is employed by Defendants as the Executive Vice President of Finance at Assured Enterprises, Inc.

11. On or about January 27, 2017, Plaintiff accepted and agreed to an offer of employment from Defendants and executed a binding Employment Agreement (the "Agreement"). Exhibit 1.

12. Per the Agreement, Plaintiff began work for Defendants on or about February 6, 2017.

13. The Agreement provided that Plaintiff work for Defendants forty (40) hours per week in exchange for compensation of $150,000.00 per year, equivalent to $71.84 per hour.

14. The Agreement also provided for health insurance benefits that, to Plaintiff's knowledge, have been provided by Defendants.

15. The Agreement additionally provided that Defendants compensate Plaintiff with stock options and a bonus plan, but Plaintiff has not received any such compensation.

16. Since beginning work for Defendants, Plaintiff has consistently maintained a work schedule of 9:00 a.m. to 5:00 p.m., Monday through Friday, totaling 40 hours per work week.

17. Since beginning work for Defendants, and to date, Defendants have failed to pay Plaintiff any of the salary provided for under the Agreement.

18. Plaintiff has repeatedly requested that Defendants pay the agreed to salary, and Defendants have repeatedly refused to pay any compensation to Plaintiff. Defendants have, however, repeatedly promised to pay Plaintiff all compensation owed to him at some later date if he continues to work for Defendants.

19. As recently as June 5, 2018, Defendants, through an email sent by Defendants' legal counsel Anita Finkelstein, have stated that "As I believe Steve [Defendant Soble] has told you previously, Assured intends to meet its financial obligations."

20. Defendants have made similar promises of payment in response to all of Plaintiff's demands for payment since Plaintiff began working for Defendants.

21. Defendants have full knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

22. At all times relevant to this action, Defendants had actual knowledge of the Agreement, the FLSA minimum wage requirement, and the general obligation to pay wages under the law.

23. Defendants violated the FLSA because Defendants have failed to pay any salary or hourly compensation to Plaintiff since Plaintiff began working for Defendants.

24. Without excuse or justification, Defendants have failed to pay any compensation for Plaintiff's work for a period of nearly eighteen 18 months, and Plaintiff continues to work for the company under the terms of the Agreement without termination or modification of the Agreement.

25. Defendants failure to pay Plaintiff wages as required by the FLSA and the Agreement is willful and knowing.

26. Defendants currently owe Plaintiff at least $219,169.00 in unpaid wages and expense reimbursement.

27. Defendants have, in fact, failed to pay any of their employees for the entire period that Plaintiff has worked for Defendants, and Defendants currently owe over $1,500,000.00 to their employees in unpaid wages.

28. Despite being awarded several government contracts and receiving significant revenue for the relevant time period, Defendants have failed to pay any outstanding wage and salary obligations to their employees.

29. Instead of paying outstanding wage and salary obligations to his employees, Soble has diverted revenues of Assured and API to pay his personal living expenses and liabilities.

30. Soble has been "living out of the companies" consistently for the entire time period relevant to Plaintiff's Complaint.

31. Specifically, Soble withdraws all revenues received by Assured and API in order to pay personal expenses and liabilities – including payments on several personal credit cards – and to deposit corporate funds into accounts not controlled by the corporation. Soble then lives out of these non-corporate accounts and makes periodic deposits back into Assured's corporate bank accounts in order to make Assured's minimum rent, utility, legal expenses, and insurance payments.

32. In this way, Soble is able to make a living for himself and fund his other business ventures by wrongfully diverting corporate revenues to himself personally, and failing to pay Assured's employees.

33. Assured has no significant liquid capitalization, and Assured's only asset is a number of patents registered with USPTO and wholly owned by Assured as corporate property.

34. Defendants have failed to pay any State or Federal payroll taxes for most of its employees for the entire period of time that Plaintiff has worked for Defendants, and are willfully withholding any such payments and falsifying reporting to State and Federal Governments in violation of the law.

35. Soble is preparing to transfer the patents owned by Assured – either to himself, API, or another entity, for the purpose of diverting Assured's only significant asset, thereby protecting the asset from claims by Assured's unpaid employees.

36. Unless Defendants are enjoined from transferring its patents during the pendency of this litigation, Defendants will fraudulently convey the assets to other persons and entities in order to leave Assured's unpaid employees without recourse.

## COUNT I – INJUNCTION AGAINST TRANSFERING PATENTS

37. Paragraphs 1-36 are hereby incorporated as if fully stated herein.

38. Plaintiff will be immediately and irreparably harmed if Defendants are allowed to fraudulently convey their patents, thereby making those assets unavailable for attachment to satisfy Plaintiff's claims.

39. There is no adequate remedy at law available to Plaintiff if Defendants are allowed to fraudulently convey their patents, thereby making those assets unavailable for attachment to satisfy Plaintiff's claims.

40. It is likely that Plaintiff will succeed on the merits of his FLSA, Breach of Contract, and Unjust Enrichment, because Defendants have clearly failed to pay Plaintiff any monetary compensation for his work despite an incontrovertible legal obligation to pay salary, wages and other compensation for work actually performed.

41. The balancing of the equities tips in favor of granting an injunction against Defendants' transfer of patents for the purpose of avoiding attachment to satisfy Plaintiff's claims.

42. Given Plaintiff's likelihood of success on the merits, Plaintiff is clearly entitled to attach Defendants assets and prevent the fraudulent conveyance of those assets.

WHEREFORE, Plaintiff prays that this Court enter a preliminary and permanent injunction barring Defendants from transferring ownership of any and all patents owned by Defendants since February 2017 so that they are available for attachment and satisfaction of a judgment rendered in this case.

### COUNT II – BREACH OF CONTRACT

43. Paragraphs 1-42 are hereby incorporated as if fully stated herein.

44. Plaintiff and Defendants entered into an enforceable Employment Agreement where Defendants promised to pay Plaintiff a salary of $150,000.00 in addition to other compensation.

45. Since entering into that Agreement Plaintiff has diligently worked 40 hours per week for Defendants in accordance with the Agreement.

46. Defendants have breached the Agreement by failing to pay Plaintiff at least $219,169.00 in salary and wages.

47. Plaintiff has suffered damages of at least $219,169.00 due to Defendants failure to pay salary, wages and other compensation provided for under the Agreement.

WHEREFORE, Plaintiff prays this Court to award at least $219,169.00 against Defendants, jointly and severally, or whatever other amount as is proven at trial, plus pre and post judgment interest, $350,000.00 in punitive damages, and reasonable attorneys' fees and costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III – VIOLATION OF FAIR LABOR STANDARDS ACT

48. Paragraphs 1-47 are hereby incorporated as if fully stated herein.

49. As set forth above, while in Defendants' employ, Plaintiff regularly and customarily worked 40 hours per week.

50. While Plaintiff was in Defendants' employ, Defendants failed to compensate Plaintiff at the FLSA required rates for hours worked.

51. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Plaintiff prays this Court to award at least $219,169.00 against Defendants, jointly and severally, or whatever other amount as is proven at trial, plus an equal amount in liquidated damages, pre and post judgment interest, and reasonable attorneys' fees and costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV – UNJUST ENRICHMENT

52. Paragraphs 1-51 are hereby incorporated as if fully stated herein.

53. Plaintiff conferred a benefit on Defendants by working for them full time since February 2017.

54. Defendants have acknowledged the benefit received by Plaintiff's continued employment.

55. If Defendants were allowed to retain the benefit of nearly eighteen (18) months of Plaintiff's services without compensating Plaintiff for the fair value of those services, then Defendants would be unjustly enriched.

WHEREFORE, Plaintiff prays this Court to award at least $219,169.00 against Defendants, jointly and severally, or whatever other amount as is proven at trial, plus pre and post judgment interest, $350,000 in punitive damages, and reasonable attorneys' fees and costs of this action, and any other and further relief this Court deems appropriate.

## COUNT V – ACTUAL AND CONSTRUCTIVE FRAUD

56. Paragraphs 1-55 are hereby incorporated as if fully stated herein.

57. Since January 2017 and as recently as June 2018, Defendants have promised to pay Plaintiff for his work with Defendants.

58. These promises to pay were misleading and false, as Defendants do not have the ability to pay any of its employees wages and salary promised to them.

59. At the time each of these promises were made, Defendants either intentionally, negligently, or mistakenly misrepresented a material fact.

60. Defendant intended that Plaintiff rely on those misrepresentations in order to compel Plaintiff to continue working for Defendants.

61. Plaintiff reasonably relied on Defendants' misrepresentations in continuing to work for Defendants.

62. As a direct result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff has suffered damages in the form of lost wages, lost opportunity, financial hardship, emotional distress, and other incidental and consequential damages.

WHEREFORE, Plaintiff prays this Court to award at least $219,169 against Defendants, jointly and severally, or whatever other amount as is proven at trial, plus trebled damages, pre and post

judgment interest, $350,000 in punitive damages, and reasonable attorneys' fees and costs of this action, and any other and further relief this Court deems appropriate.

## JOINT AND SEVERAL LIABILITY

63. Paragraphs 1-62 are hereby incorporated as if fully stated herein.

64. Defendants Assured and API are alter egos of Defendant Soble.

65. Soble fully controls Assured and API as majority owner of both entities.

66. Soble lives out of the revenues of Assured and API without paying for those entities' corporate obligations, and without abiding by corporate formalities.

67. Soble has failed to adequately capitalize Assured and API, and is attempting to fraudulently transfer assets from Assured and API in order to avoid attachment in these proceedings, and from collection of other liabilities.

68. Soble is using Assured and API to commit a fraud on Plaintiff and its other employees by repeatedly promising payment of salaries where he does not intend to do so.

69. Soble is using Assured and API to commit a fraud on the State and Federal Governments by failing to pay taxes and falsifying mandatory reporting to the government.

WHEREFORE, Defendants are not entitled to the immunity provided by limited liability in these proceedings.

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE.

Respectfully Submitted:

_____/s/_____

J. Andrew Baxter (VSB #78275)
Merritt J. Green (VSB# 50995)
Hailey Breanne Render (VSB#89995)
General Counsel, P.C.
6849 Old Dominion Drive, Suite 220
McLean, Virginia 22101
Tel: 703-556-0411
mgreen@gcpc.com
abaxter@gcpc.com
hrender@gcpc.com
*Attorneys for Defendants*